**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4050**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRYAN KEITH EGRESS,

        Defendant - Appellant.

_____

**No. 13-4051**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRYAN KEITH EGRESS,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge. (1:12-cr-00027-IMK-JSK-1; 1:12-cr-00099-IMK-1)

_____

Submitted:  July 9, 2013                 Decided:  July 31, 2013

_____

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Keith Egress appeals the forty-one-month sentence he received after he pled guilty to possessing a firearm as a convicted felon, violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006), and to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2006). Egress' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questioning whether the district court adequately considered the statutory sentencing factors and whether Egress' sentence is substantively reasonable. We affirm.

As counsel properly recognizes, the district court is not required to talismanically invoke every single factor noted in 18 U.S.C. § 3553(a) (2006) as long as it provides "some indication" that it considered the factors and evaluated any nonfrivolous arguments raised by the defendant at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Moreover, a sentence falling within a properly calculated Guidelines range is presumptively substantively reasonable, and counsel's brief identifies nothing that would suffice to disturb that presumption. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Having reviewed the record, we can only conclude that the district court discharged its duty to

3

consider the pertinent sentencing factors and imposed a sentence that was substantively reasonable.

Egress has filed a pro se supplemental brief in which he claims that his guilty plea is invalid because he was incompetent to enter it, and that his sentence is infirm because the district court did not adequately delve into his mental health records. We have reviewed each of Egress' assertions and conclude that they are without merit. See United States v. Banks, 482 F.3d 733, 742-43 (4th Cir. 2007); see also United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) ("[T]he rigorous plain-error standard applies to unpreserved claims of procedural sentencing error.").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Egress, in writing, of the right to petition the Supreme Court of the United States for further review. If Egress requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Egress. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED